Argued and submitted June 20, reversed and remanded August 29, appellant's petition for reconsideration and respondent's motion for clarification or reconsideration allowed by opinion November 7, 1990
See 104 Or App 230, 800 P2d 790 (1990)

Romona MINTIER,
*Appellant,*

*v.*

Michael MOMB,
dba M & W Building Supply Company, Inc.,
*Respondent,*

*and*

Thomas A. RICKERT,
*Defendant.*

(CV 87-373; CA A62023)

796 P2d 387

John R. Brooke, Portland, argued the cause for appellant.

With him on the briefs was Wood Tatum Mosser Brooke & Landis, Portland.

J. Philip Parks, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff is the guardian of Charles Tofflemire, who was injured when the car in which he was a passenger collided with a parked truck owned by defendant Momb (defendant).[1] Plaintiff contends that defendant was negligent in various particulars, including the manner in which the truck was parked. She alleged, *inter alia,* a negligence *per se* theory based on defendant's asserted violations of sections 17(2) and 21(3) of the city of Newberg's traffic ordinance, which provide, respectively:

> "No person shall park or stand a vehicle in such a manner or location that it constitutes a hazard to public safety or an obstruction on the street." Section 17(2).

> "* * * [N]o person shall park or stand:

> "* * * * *

> "A motor truck as defined by ORS 483.014(3) on a street between the hours of 9:00 p.m. and 7:00 a.m. of the following day in front of or adjacent to a residence, motel, apartment house, hotel or other sleeping accommodation." Section 21(3).

The trial court granted defendant's motion for partial summary judgment on the two allegations of negligence *per se.* The apparent bases for the court's conclusions were that there was no evidence that the truck was parked in a way that violated section 17(2) and that negligence *per se* cannot be predicated on section 21(3), because it is an anti-noise measure rather than a safety one. After the court granted the motion, plaintiff withdrew her remaining allegations, and she appeals from the final judgment that was then entered. Plaintiff assigns separate errors to the rulings on the two ordinance provisions.

■ We agree with plaintiff that there was evidence, in the affidavit of her investigator, that would permit a factfinder to infer that the truck was parked in a manner that violated section 17(2). That section is phrased in terms that largely parallel the ordinary negligence standard of care.[2] It is highly

---

[1] Defendant Rickert, the driver of the car in which Tofflemire was riding, has been dismissed from the case and is not a party to the appeal.

[2] It is therefore curious, but not our concern at this time, why plaintiff relies on it solely as a basis for asserting negligence *per se* without also adhering to the theory that the conduct constituting the violation is independently negligent.

unusual for a summary judgment to be an appropriate disposition of a negligence issue. *See Richards v. Dahl,* 289 Or 747, 754-55, 618 P2d 418 (1980) (Lent, J., concurring). It was not appropriate here.

Defendant argues that the court should have granted its motion at the first hearing and should not have allowed plaintiff a two-week continuance in which to produce evidence. It is unclear whether defendant's argument has any bearing on section 17(2) or relates only to section 21(3). If the argument is directed to section 17(2), it is incorrect, if for no other reason, because the investigator's affidavit was filed 11 days before the first hearing. Summary judgment should not have been granted then, any more than it should have been after the later hearing.

Defendant argues further that plaintiff's allegations pertaining to section 17(2) did not state ultimate facts showing a violation, but consisted of conclusions of law. If correct, that argument might have been a basis for moving against the pleading; it does not lend support to defendant's motion for summary judgment. The court erred in granting the motion with respect to section 17(2).

It is questionable whether we need reach the court's ruling on the section 21(3) issue and plaintiff's assignment of error challenging it. The allegations relating to the two provisions of the ordinance are part of one claim and are simply alternative theories for establishing one act of negligence. Be that as it may, we will address the issue, because it is likely to arise on remand.

The court's ruling was correct at the time it was made, regardless of whether the section does or was intended to promote safety as well as silence. The uncontroverted affidavit of an investigating officer states that defendant's truck was not parked in any of the places that section 21(3) proscribes.

Reversed and remanded.