On appellant's petition for reconsideration filed September 27, respondent's motion for clarification or reconsideration filed October 2, and appellant's response to motion for clarification or reconsideration filed October 16, 1990, petition for reconsideration allowed; motion for clarification or reconsideration allowed; former opinion (103 Or App 148, 796 P2d 387) modified; reversed and remanded on all issues November 7, 1990

Romona MINTIER,
guardian of an incapacitated person,
Charles Tofflemire,
*Appellant,*

*v.*

Michael MOMB,
dba M & W Building Supply Company, Inc.,
*Respondent,*

*and*

Thomas A. RICKERT,
*Defendant.*

(CV 87-373; CA A62023)

800 P2d 790

John R. Brooke and Wood Tatum Mosser Brooke & Landis, Portland, for appellant's petition and response.

J. Philip Parks and Parks, Bauer & Sime, Salem, for respondent's motion.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

**RICHARDSON, P. J.**

Plaintiff seeks Supreme Court review and, thereby, our reconsideration of our opinion. 103 Or App 148, 796 P2d 387 (1990); ORAP 9.15. Plaintiff points out that there was evidence, in the form of an investigator's affidavit, that defendant's truck was parked "adjacent to * * * residences located on the street." Section 21(3) of the Newberg traffic ordinance prohibits the parking of a truck "adjacent to a residence" under some circumstances. Accordingly, plaintiff contends, we erred by concluding that there was uncontroverted evidence that "defendant's truck was not parked in any of the places that section 21(3) proscribes." 103 Or App at 151. Plaintiff is correct. It follows that there is a material question of fact on plaintiff's specification of negligence *per se* based on section 21(3) and that summary judgment was improperly granted for that reason, as well as for the others noted in our earlier opinion.

Plaintiff also invites us to construe section 21(3). However, the parties' different understandings of the ordinance turn on legislative intent. The trial judge *appears* to have concluded that the ordinance is ambiguous and received evidence about its intended meaning. Although we do not foreclose the opposite conclusion on remand, we are not now prepared to say that the meaning of the ordinance may not turn on legislative intent.

Defendant has moved for clarification of the remand in our earlier opinion. Because we reversed the summary judgment on section 17(2), but held that the trial court's summary judgment on section 21(3) was correct, defendant explains that the parties do not agree as to whether further proceedings on the section 21(3) specification were contemplated. Because we now conclude that the summary judgment on the latter specification was also erroneous, we allow the motion for clarification and hold that the section 21(3) issue is included in the matters triable on remand.

Petition for reconsideration allowed; motion for clarification or reconsideration allowed; former opinion modified; reversed and remanded on all issues.